**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Lawrence RUFFIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 2010.

Filed Feb. 25, 2011.

Karl Baker, Robin Forrest, Public Defenders, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: GANTMAN and LAZARUS, JJ., and McEWEN, P.J.E.

OPINION BY LAZARUS, J.:

Lawrence Ruffin ("Ruffin") appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County following his conviction for fleeing or attempting to elude police ("fleeing or eluding"). Because we conclude that Ruffin's sentence of 3–12 months' house arrest is illegal, we vacate and remand.

At 2:30 a.m. on September 17, 2008, police observed Ruffin driving the wrong way down a one-way street. When police attempted to stop Ruffin, he fled. A car chase ensued, during which Ruffin stopped his car and then reversed, causing it to

collide with the police car behind him.[1] At that point, Ruffin's car stalled and he fled on foot. After a brief foot chase, police apprehended Ruffin.

Police charged Ruffin with recklessly endangering another person, 18 Pa.C.S.A. § 2705, fleeing or eluding, 75 Pa.C.S.A. § 3733(a), and two counts of simple assault, 18 Pa.C.S.A. § 2701(a). On April 29, 2009, Ruffin waived his right to a jury trial and proceeded to a bench trial. The trial court found him guilty of fleeing or eluding and acquitted him of the remaining offenses. This was Ruffin's second section 3733(a) conviction.

On July 8, 2009, the court sentenced Ruffin to 3–12 months' house arrest to be followed by one year of reporting probation. The conditions of Ruffin's house arrest allowed him to continue to work, to attend his place of worship, and to care for his six children. *See* Sentencing Order, 7/8/2009. On July 16, 2009, Ruffin filed a post-sentence motion alleging that his sentence was illegal; the court held a hearing and denied the motion. Ruffin timely filed this appeal raising the following issue for our review:

> Do not binding precedent and the principles of statutory interpretation dictate that a court is prohibited under 75 Pa. C.S.A. § 6503 from imposing a sentence of incarceration that exceeds six months for a second or subsequent conviction of 75 Pa.C.S.A. § 3733?

Appellant's Brief, at 3.

■ Vehicle Code section 3733(a.2)(1) grades the crime of fleeing or eluding,

generally, as a second-degree misdemeanor. Under the Crimes Code, a person convicted of a second-degree misdemeanor may be sentenced to a period of imprisonment of up to two years.[2] Nonetheless, Vehicle Code section 6503(a) clearly directs that a second or subsequent section 3733(a) offender, like Ruffin, be sentenced to a fine or to imprisonment for *not more than six (6) months,* or both.

In his appellate brief, Ruffin notes the conflict between the grading of fleeing or eluding as a second-degree misdemeanor under section 3733(a) and the sentencing of a second or subsequent fleeing or eluding offender under section 6503(a). Ruffin advances a lengthy statutory analysis of the two sections and then concludes that section 6503(a) must be read as an exception to section 3733(a). Under section 6503(a), Ruffin contends that a second-time section 3733(a) offender may not be sentenced to more than 6 months' imprisonment. Ruffin, therefore, argues his sentence of 3–12 months' house arrest is illegal.

The Commonwealth conducts no statutory construction analysis. Rather, it contends that Ruffin's statutory construction, even if correct, is irrelevant because the court sentenced Ruffin to house arrest, not imprisonment. Because Ruffin was not sentenced to imprisonment, the Commonwealth concludes that Ruffin's house arrest sentence of 3–12 months, following a section 3733(a), second-degree misdemeanor

---

1. No one was injured as a result of the collision.

2. *See* 18 Pa.C.S.A. § 106(b)(7) ("A crime is a misdemeanor of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years."); 18 Pa.C.S.A. § 1104(2) (Sentence of imprisonment for mis-

demeanors) ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than … [t]wo years in the case of a misdemeanor of the second degree."); 18 Pa.C.S.A. § 106(e) ("An offense hereafter defined by any statute other than this title shall be classified as provided in this section").

conviction, is legal.[3] We disagree.

In Pennsylvania, county intermediate punishment is a statutorily authorized sentencing alternative. *See* 42 Pa.C.S.A. § 9721(a)(6); *Commonwealth v. Williams*, 941 A.2d 14, 21 (Pa.Super.2008) (*en banc*). House arrest or home confinement is a form of county intermediate punishment.[4] *See* 42 Pa.C.S.A. § 9763(b)(16) (court may require defendant "to remain within the premises of the defendant's residence during the hours designated by the court."); 37 Pa.Code § 451.51(a)(1) (intermediate punishment program may include house arrest); 42 Pa.C.S.A. §§ 9801–9812 (County Intermediate Punishment Act).[5] Section 9763(a) states the general rule regarding county intermediate punishment as follows:

**§ 9763. Sentence of county intermediate punishment**

(a) **General rule.**—In imposing a sentence of county intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program es-

tablished under Chapter 98 (relating to county intermediate punishment) or a combination of county intermediate punishment programs. *The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced.* The court may order a defendant to serve a portion of the sentence under section 9755 (relating to sentence of partial confinement) or 9756 (relating to sentence of total confinement) and to serve a portion in a county intermediate punishment program or a combination of county intermediate punishment programs.

*Id.* (emphasis added).

Here, the plain language of section 9763(a) proves fatal to the Commonwealth's argument. According to section 9763(a), the maximum term of county intermediate punishment may not exceed the maximum term for which a defendant could be confined, i.e. imprisoned. *See id.* Therefore, despite the Commonwealth's contention to the contrary, our determination of whether section 6503(a) controls

---

**3.** The trial court, in an opinion that mirrored the dissenting opinion authored in *Commonwealth v. Ede*, 949 A.2d 926 (Pa.Super.2008), *vacated and remanded by*, 600 Pa. 506, 968 A.2d 228 (2009), *see infra* n. 7, concluded that section 3733 prevailed over section 6503 and that its sentence, which was within the two years allowable for a second-degree misdemeanor conviction, under 18 Pa.C.S.A. § 106(b)(7), was legal. The trial court drew no distinction between a sentence of house arrest and imprisonment.

**4.** State intermediate punishment ("SIP"), *see* 61 Pa.C.S.A. §§ 4101–4109, is also a statutorily recognized sentencing alternative. *See* 42 Pa.C.S.A. § 9721(a)(7). SIP is a two-year program, which must include at least seven months in a state correctional institution, designed to benefit persons with drug and alcohol problems. *See* 61 Pa.C.S.A. §§ 4102, 4105(b). To be eligible for SIP, a defendant cannot have a history of present or past vio-

lent behavior and the Pennsylvania Department of Corrections must determine that the defendant is in need of drug and alcohol treatment. 61 Pa.C.S.A. § 4103.

**5.** Per 42 Pa.C.S.A. § 9802, and subject to section 9721(a.1), an eligible offender is defined as "a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement)." 42 Pa.C.S.A. § 9802. An offender with a current conviction or a prior conviction within the past ten years for those offenses listed in section 9802 is ineligible for county intermediate punishment. None of the eligibility exclusions apply here.

sentencing for a second or subsequent section 3733(a) offender is central to our resolution of Ruffin's appeal. If the court could not sentence Ruffin to more than six months' imprisonment under section 6503(a), then it could not, per section 9763(a), sentence Ruffin to more than six months' county intermediate punishment, i.e., house arrest. In this respect, we conclude for the following reasons that section 6503(a) dictates sentencing for a second or subsequent section 3733(a) offender and that, therefore, the court could not sentence Ruffin to a period of house arrest beyond six months.[6] See id.

 When interpreting a statute, our standard of review is plenary. *Commonwealth v. Baird*, 856 A.2d 114, 115 (Pa.Super.2004). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 703 (2009). "In general, the best indication of legislative intent is the plain language of the statute." *Commonwealth v. Segida*, 604 Pa. 103, 985 A.2d 871, 874 (2009); *Commonwealth v. Bradley*, 575 Pa. 141, 834 A.2d 1127, 1132 (2003). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). It is only when the words of a statute are ambiguous that we may attempt to ascertain the legislature's intent by considering the factors set forth in 1 Pa.C.S.A. § 1921(c)(1)-(8).[7] *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185, 189 (2005). We presume that that legislature "intends the entire statute to be effective and certain." 1 Pa.C.S.A. § 1922(2).

When a general provision,[8] like section 3733, conflicts with a special provision, like section 6503, in the same statute, the two provisions shall be construed, if possible, so that effect may be given to both. *See* 1 Pa.C.S.A. § 1933. Where an irreconcilable conflict exists, like here, the special provision prevails and must be construed as an exception to the general provision, unless: (1) the general provision is enacted later, *and* (2) the legislature manifests its intent that the general provision must prevail. *Id.* "Manifest intent" is intent that is "apparent or obvious." *See* BLACK'S LAW DICTIONARY, 7th Ed.1990.

Vehicle Code section 3733 provides in pertinent part:

**§ 3733. Fleeing or attempting to elude police officer**

(a) OFFENSE DEFINED.—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when

---

**6.** A sentence's stated maximum serves as our guidepost. *Commonwealth v. Kleinicke*, 895 A.2d 562, 572 (Pa.Super.2006) *(en banc)*, citing *Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285, 724 A.2d 319, 321 n. 2 (1999) (stating that punishment imposed for criminal offense is maximum period of confinement, i.e., maximum period of incarceration specified by sentencing court; minimum sentence merely sets date before which prisoner may not be paroled).

**7.** Those factors are: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such statute.

**8.** "Statutes designed to establish proper procedures for sentencing all defendants who commit crimes are general provisions." *Commonwealth v. Klingensmith*, 437 Pa.Super. 453, 650 A.2d 444, 447 (1994).

given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

. . .

(a.2) GRADING.—

(1) Except as provided in paragraph (2), an offense under subsection (a) *constitutes a misdemeanor of the second degree.* Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S.A. § 3733.

In its entirety, section 6503 provides:

§ 6503. Subsequent convictions of certain offenses

(a) GENERAL OFFENSES.—*Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced* to pay a fine of not less than $200 nor more than

$1,000 or *to imprisonment for not more than six months,* or both:

Section 1543(a) (relating to driving while operating privilege is suspended or revoked) except as set forth in subsection (a.1).

Section 3367 (relating to racing on highways).

*Section 3733 (relating to fleeing or attempting to elude police officer).*

Section 3734 (relating to driving without lights to avoid identification or arrest).

Section 3748 (relating to false reports).

(a.1) CERTAIN REPEAT OFFENSES.—A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months.

(b) DRIVING WITHOUT A LICENSE.—Every person convicted of a second or subsequent violation of section 1501(a) (relating to drivers required to be licensed) within seven years of the date of commission of the offense preceding the offense for which sentence is to be imposed shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both.

75 Pa.C.S.A. § 6503 (emphasis added).

In applying section 1933, special provision 6503 must be read as an exception to general provision 3733.[9] The legislature

---

9. In *Commonwealth v. Ede,* 949 A.2d 926 (Pa.Super.2008), *vacated and remanded by,* 600 Pa. 506, 968 A.2d 228 (2009), a majority of this Court addressed this same issue and concluded that section 6503(a) controls sentencing for a second or subsequent section 3733(a) offender. *Id.* at 932. The Supreme Court, by *per curiam* order, "vacated the opinion" and remanded *Ede.* In the order, the Court cited two cases: *Commonwealth v.*

*Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993) and *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185 (2005). Neither case addresses the issue before us. Both rulings related to the question of whether Ede was a first or second-time offender for sentencing purposes. Thus, it is quite clear that the Supreme Court agreed that Ede was not a second-time offender and vacated the opinion on that basis. While not binding precedent, we find highly

enacted both provisions on June 17, 1976. *See* Act 1976–81, House Bill 1817, P.L. 162, § 1 (approved June 17, 1976, eff. July 1, 1977). Because both provisions were enacted on the same date, the first prong of section 1933 is not met, and section 6503 prevails. Even if section 3733 was deemed to have been "enacted last," because it was more recently amended, section 6503 still prevails over its general counterpart, for it must also be the manifest intent of the legislature that the general provision prevails over the special provision. *See* 1 Pa.C.S.A. § 1933; *Harristown Dev. Corp. v. Dep't of Gen. Servs.*, 532 Pa. 45, 614 A.2d 1128, 1134 (1992) (for general provision more recently enacted to control, appellant would have to show legislature manifestly intended for general provision to control particular provision); *Commonwealth v. Smith*, 375 Pa.Super. 419, 544 A.2d 991, 997–98 (1988) (noting that even though general provision enacted many years after special provision, special provision prevailed because legislature did not manifest its intent that general provision must prevail).

With regard to prong 2 under section 1933, it is not so obvious or apparent that the legislature intended for section 3733(a) to prevail over section 6503(a). In 1986, the legislature amended 6503 to reduce the term of imprisonment from one year to six months. *See* Act 1986–96, Senate Bill 239, P.L. 544, § 3 (approved July 9, 1986). The legislature drafted the amendment in response to *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970)

and *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974), which held that any offense that carried a punishment greater than six months' imprisonment invoked the Sixth Amendment right to a jury trial. *See Commonwealth v. Soboleski*, 421 Pa.Super. 311, 617 A.2d 1309, 1311 (1992) *citing Commonwealth v. Sperry*, 395 Pa.Super. 400, 577 A.2d 603, 606 n. 6 (1990). In 1994, the legislature amended section 3733, at which time the offense was enhanced from a summary offense to a second-degree misdemeanor. Four years later, in 1998, the legislature revisited section 6503 and removed Vehicle Code section 1501 (relating to drivers required to be licensed) from the list of "certain offenses" under section 6503,[10] while section 3733 remained.

In 2001, the legislature again amended section 3733(a) to require a visual *and* audible signal from police to stop driving rather than just one or the other. *See* Act 2001–75, House Bill 155, P.L. 734, § 6 (approved June 26, 2001). A year later, in 2002, the legislature again amended section 6503, this time to add a subsection related to sentencing for "sixth or subsequent" convictions under section 1543. *See* 75 Pa.C.S.A. § 1543 ("driving while operating privilege is suspended or revoked"). Most recently, in 2006, the legislature revisited section 3733(a) and in subsection (a) removed "a misdemeanor of the second degree," and inserted "an offense as graded in subsection (a.2)," and subsection (a.2).[11] *See* Act 2006–113, House Bill

persuasive that portion of *Ede* where a majority of this Court determined that section 6503(a) controls sentencing for a second-time offender of section 3733(a).

10. The legislature also reduced the scope of section 1501(a) repeat offenses by reducing the scope of subsequent section 1501(a) violations to a look-back period of "seven years of the date of commission of the offense preced-

ing the offense for which sentence is to be imposed." **Compare** 75 Pa.C.S.A. § 6503 (1996), **with** 75 Pa.C.S.A. § 6503(b) (1999).

11. The legislature also deleted the former second and third sentences that read: "Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties." *See* Act

804, P.L. 1086, § 4 (approved July 10, 2006).[12]

From these amendments, we can glean no apparent or obvious legislative intent. Rather, the legislative intent on this issue is, at best, ambiguous. While the 1994 amendment to section 3733 evidenced the legislature's intent to elevate the grading of the crime of fleeing or attempting to elude police, it is not so clear the legislature also intended to punish the offense more severely. *See Commonwealth v. Davis*, 421 Pa.Super. 454, 618 A.2d 426 (1992) (*en banc*) (stating that legislature in classifying possession of marijuana offense as misdemeanor, yet limiting maximum penalty to that typical of summary offense, intended to subject offenders to immediate arrest and search even though penalty to be imposed was less than normal penalty for misdemeanor offense). It is entirely possible for the legislature to have different motives when grading an offense and fixing its punishment. *Davis, supra.* Accordingly, the 1994 amendment to section 3733(a) does not alone represent a clear manifestation of the legislature's intent for the general punishment provision of section 3733 to prevail over special provision 6503(a)'s limiting effect.

Even if the 1994 amendment revealed the legislature's intent to punish section 3733(a) offenders more severely, the legislature has twice revisited section 6503 *since* the 1994 amendment and left section 3733's placement on section 6503's enumerated list undisturbed. Indeed, our rigorous review of the legislative amendments to these provisions, in an attempt to uncover the legislature's intent, is itself evidence

that the legislature has not expressed an *obvious* intent for general provision 3733 to prevail over special provision 6503. Therefore, because the legislature has failed to convey its manifest intention on this issue, special provision 6503(a) must be read as an exception to the general provision regardless of which section was "enacted last." *See* 1 Pa.C.S.A. § 1933; *Commonwealth v. Snyder*, 688 A.2d 230, 233 (Pa.Commw.1996) (for summary conviction, Crimes Code's general provision of 90 days' imprisonment did not prevail over Borough Code special provision for 30 days' imprisonment despite that Crimes Code enacted after Borough Code because manifest intention of legislature unknown and penal statutes had to be strictly construed).

To the extent that a legislative oversight with respect to the grading and sentencing for the offense of fleeing or eluding has and now continues to exist, the unambiguous language of prevailing section 6503(a) guides our disposition and forecloses our speculation into this issue. *See Commonwealth v. Rieck Inv. Corp.*, 419 Pa. 52, 213 A.2d 277, 282 (1965) (noting that if language of statute is clear and unambiguous, statute must be given its plain and obvious meaning even though court may be convinced legislature intended something different); *Commonwealth v. Gordon*, 992 A.2d 204 (Pa.Super.2010) (under clear and unambiguous language of Megan's Law statute, individual subject to lifetime registration under 9795.1(b)(4) not subject to penalty provisions of Section 4915, even though ten-year registrants are; this Court cannot rewrite statute though legis-

---

2006–113, House Bill 804, P.L. 1086, § 4 (approved July 10, 2006).

**12.** The legislature has proposed legislation that would remove section 3733 from section 6503's enumerated offenses. *See* Senate Bill 1049 (July 23, 2010). Nonetheless, this pro-

posed legislation is inconsequential, as it has not been enacted. Furthermore, we can only speculate as to the motivation behind such legislation. The law as stated in this opinion is the law as it stands currently.

lature likely intended lifetime registrants be subject to same penalty provisions.).

Furthermore, while we recognize our ruling creates the situation where a first-time section 3733(a) offender may be sentenced to a term of imprisonment greater than that allowed for a second or subsequent section 3733(a) offender, to conclude otherwise would be to eliminate section 3733 from section 6503's list of enumerated offenses. Such a result would allow courts to disregard section 6503(a), as it relates to section 3733, and sentence repeat section 3733(a) offenders well beyond section 6503(a)'s six-month limit. We decline to nullify section 6503(a) in this respect. Our role is to interpret the law that is written, not to rewrite it as we see fit. That power is properly had by the elected members of our legislature who are vested with the authority to define and classify crimes and offenses, and to fix the punishment for both. *Davis,* 618 A.2d at 428. It is the legislature that may rewrite section 6503. Should the legislature intend to punish second or subsequent section 3733(a) offenders to a term of imprisonment or intermediate punishment beyond six months, we implore it to do so by removing section 3733 from section 6503's enumerated offenses. This solution is one we find more appropriate given our respective powers.

In sum, we have concluded that section 3733 and section 6503 conflict; that regardless of which statute was enacted last the legislature has not shown its manifest intent for general provision 3733 to prevail over special provision 6503; and that, therefore, we must construe section 6503(a) as an exception to its general counterpart. *See* 1 Pa.C.S.A. § 1933. From there, section 6503(a)'s language is not open to interpretation or our circumvention, and its directive could not be clearer: second or subsequent section 3733 offenders may not be sentenced to imprisonment for more than 6 months. *Com., Dept. of Transp. v. Taylor,* 576 Pa. 622, 841 A.2d 108, 111–12 (2004) ("As a general rule courts do not have the power to ignore clear and unambiguous statutory language in pursuit of a statute's alleged or perceived purpose."). Because the court could not sentence Ruffin to more than six months' imprisonment, the court could not sentence him to more than six months' county intermediate punishment, i.e., house arrest. *See* 42 Pa.C.S.A. § 9763(a) ("The term [of county intermediate punishment] may not exceed the maximum term for which the defendant could be confined[.]").

Thus, Ruffin's house arrest sentence of 3–12 months, which exceeded the maximum allowed for under section 6503(a) and section 9763(a) by six months, is illegal. Accordingly, we are constrained to vacate Ruffin's sentence. Because vacating Ruffin's sentence disturbs the overall sentencing scheme the sentencing court contemplated, we will vacate the judgment of sentence in its entirety and remand this case for resentencing. *See Commonwealth v. Thur,* 906 A.2d 552, 570 (Pa.Super.2006). Ruffin shall not be sentenced for a second fleeing or eluding conviction to a term of imprisonment or intermediate punishment beyond six months as is proscribed by 75 Pa.C.S.A. § 6503(a).

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Opinion. Jurisdiction relinquished.

GANTMAN, J., concurs in the result.