J-S63045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRANDY L. VEGA-REYES, | |
| Appellee | No. 730 MDA 2014 |

Appeal from the Order Entered April 2, 2014
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0003272-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED JANUARY 22, 2015**

The Commonwealth appeals from the amended order of April 2, 2014, which granted Appellee's, Brandy L. Vega-Reyes, motion to dismiss certain of the fraud charges against her because they were beyond the statute of limitations.[1]  We affirm and remand for trial on the remaining charges.

On March 27, 2013, Agent Herbert Pfuhl of the Pennsylvania Office of Inspector General filed a private criminal complaint accusing Appellee of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth may take an appeal as of right from an order that does not end the entire case if it certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.  **See** Pa.R.A.P. 311(d); **see also Commonwealth v. Torres**, 764 A.2d 532, 536, n.2 (Pa. 2001). The Commonwealth has filed such a certification in this case.

committing welfare fraud in violation of 62 P.S. § 481(a).  On April 30, 2013, following a preliminary hearing, the magisterial district judge bound the case over for trial in the Court of Common Pleas.  The private criminal complaint alleged that, between 2008 and 2010, Appellee received public assistance but failed to inform the Department of Public Welfare that a "legally responsible relative" resided in her home and earned income.  (Private Criminal Complaint, 3/27/13, at unnumbered page 2).

On January 9, 2014, Appellee filed a motion to dismiss arguing that, pursuant to 62 P.S. § 481(d), there is a four-year statute of limitations for welfare fraud crimes and that, therefore, any violations occurring before March 27, 2009, should be excluded from trial.  (**See** Motion to Dismiss, 1/09/14, at unnumbered page 1).  On February 27, 2014, the trial court held a hearing on the motion.  On March 26, 2014, the trial court issued an order granting Appellee's motion to dismiss.  On April 2, 2014, the trial court issued a supplemental order, granting the Commonwealth leave to file a new information consistent with the dates in the March 26, 2014 order.

The Commonwealth filed a timely notice of appeal on April 25, 2014.  On April 30, 2014, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  The Commonwealth filed a timely Rule 1925(b) statement on May 20, 2014.  The trial court filed an opinion on June 16, 2014.  **See** Pa.R.A.P. 1295(a).

On appeal, the Commonwealth raises the following questions for our review:

I.    Whether the [trial] court committed an error [of] law when ruling that the original four year statute of limitation for welfare fraud under 62 [P.S.] § 481(a) applie[s] to [Appellee's] 2008-2010 fraudulent conduct when the Pennsylvania Legislature in 1982 extended the statute of limitation for welfare fraud to five years?

II.   Whether the [trial] court committed an error [of] law when ruling that evidence of [Appellee's] conduct prior to March 27, 2009 was inadmissible solely because of the statute of limitations where [Appellee's] welfare fraud involved a continuing course of conduct and the evidence excluded was part and parcel of [Appellee's] fraudulent conduct?

(Commonwealth's Brief, at 4).

In its first claim, the Commonwealth alleges that trial court erred in applying the four-year statute of limitations contained in 62 P.S. § 481(d) when the legislature extended the relevant statute of limitations to five years.  (*See* Commonwealth's Brief, at 8).  "A question regarding the application of the statute of limitations is a question of law.  Where the [appellant] raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Riding***, 68 A.3d 990, 993-94 (quotation marks and citations omitted).

Here, the Commonwealth charged Appellant with a violation of 62 P.S. § 481(a).[2] Neither party disputes that, when originally written, there was a four-year statute of limitations. **See** 62 P.S. § 481(d); (**see also** Commonwealth's Brief, at 9; Appellee's Brief, at 3). The Commonwealth concedes that, when the legislature amended Section 481 in early 1982, it left the four-year statute of limitations intact. (**See** Commonwealth's Brief, at 9-10). However, the Commonwealth argues that legislature's later amendment to the Judiciary and Judicial Procedures law extended the statute of limitations to five years. (**See** Commonwealth's Brief, at 10). Specifically, the Commonwealth relies on 42 Pa.C.S.A. § 5552(b)(4), which provides in relevant part:

> **(b) Major offenses.**--A prosecution for any of the following offenses must be commenced within five years after it is committed:
>
> \* \* \*
>
> 4) Under the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.

42 Pa.C.S.A. § 5552(b)(4) (footnote omitted). Appellee disagrees, arguing, "the default provisions did not apply because the limitations provision under

---

[2] Section 481(a) provides in pertinent part, "(a)ny person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a willfully false statement or misrepresentation, or by impersonation or by willfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime. . . ." 62 P.S. § 481(a).

62 Pa.C.S. § 481(d) is specific, which always prevails over a general limitation provision . . ." (Appellee's Brief, at 3).

The Pennsylvania rules of statutory construction provide in pertinent part:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. Further, we have stated that "[m]anifest intent is intent that is apparent or obvious." *Commonwealth v. Ruffin*, 16 A.3d 537, 540 (Pa. Super. 2011) (citation and quotation marks omitted). The parties agree that the two provisions are irreconcilable. (*See* N.T. Motion Hearing, 2/27/14, at 12-16). Thus, the question before us is whether the special provision in Section 481(d) shall be construed as an exception to the general provision or whether we should give effect to the changes to Section 5552(b)(4), which were enacted later.

Here, the Commonwealth has not pointed to any manifest intent of the legislature for the later, general provision to supersede the specific one. (*See* the Commonwealth's Brief, at 12). Instead, the Commonwealth argues that the failure of the legislature to specifically except Section 481(d), from the general rule articulated in Section 5552(b)(4), demonstrates its manifest

intent for the general provision to supersede the more specific provision. (**See id.**).  We do not agree that the failure of the legislature to include an exception constitutes manifest intent.   The clear and unambiguous language of Section 481(d) sets forth a four-year statute of limitations for violations of 62 P.S. § 481(a).  The Commonwealth has not shown any manifest intent on the part of the legislature to have the general statute of limitations in Section 5552(b)(4) supersede that, therefore the trial court did not err in concluding that the specific provision of the statute applied.  **See Ruffin**, **supra**, at 544 (concluding that even if general statute was deemed to have been enacted later than more specific statute, Commonwealth had not proved manifest intent of legislature and, therefore, specific statute was to be treated as exception to general statute); **see also Commonwealth v. Smith**, 544 A.2d 991 997-98 (Pa. Super. 1988) (noting that even though general provision was enacted many years after special provision, special provision prevailed because legislature did not manifest its intent that general provision must prevail).[3]

In its second issue, the Commonwealth claims that the trial court erred "as a matter of law in concluding that the statute of limitations precluded

---

[3] **See also Commonwealth v. Corban Corporation**, 957 A.2d 274, 276-78 (Pa. 2008) (specific five-year statute of limitations contained within the Workers' Compensation Act, 77 P.S. § 1039.12, prevailed over the general two-year default statute of limitations of the Judicial Code, 42 Pa.C.S.A. § 5552).

the Commonwealth from introducing evidence of [Appellee's] fraudualent conduct prior to March 27, 2009." (Commonwealth's Brief, at 12). However, this claim is premature. The Commonwealth has not pointed to any specific ruling by the trial court that precluded it from introducing this evidence. Our review of the record demonstrates that the trial court deferred ruling on whether evidence of Appellee's conduct was admissible as prior bad acts evidence. (*See* N.T. Hearing, 4/17/14, at 2). Thus, we decline to address the issue.

Order affirmed. Case remanded. Jurisdiction relinquished.

Panella, J., joins the Memorandum.

Bowes, J., files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/22/2015</u>