J-S10014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD FRIEDLAND | : | |
| | : | |
| Appellant | : | No. 2284 EDA 2018 |

Appeal from the PCRA Order Entered June 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015361-2010

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                         **FILED MAY 21, 2019**

Appellant, Edward Friedland, *pro se*, appeals from the order entered June 8, 2018, that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.[2]  We affirm.

Disposition of Appellant's claims does not require a discussion of the facts underlying Appellant's conviction.  For the convenience of the reader, we briefly note that, on September 3, 2015, a jury convicted Appellant of

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] The PCRA court entered two orders: the first on June 1, 2018, dismissing Appellant's PCRA and permitting counsel to withdraw; the second on June 8, 2018, finding the issues raised in the PCRA petition without merit and dismissing the PCRA petition.  In his notice of appeal, Appellant indicated he is appealing the June 8, 2018 order.  The appeal is timely.

---

*   Retired Senior Judge assigned to the Superior Court.

manufacture, deliver, or possession with intent to manufacture or deliver a controlled substance, (PWID)[3] cocaine base. Appellant was sentenced on November 20, 2015 to four to eight years' incarceration followed consecutively by two years' probation. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on January 12, 2017. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on June 7, 2017. On January 16, 2018, Appellant filed his first, *pro se*, timely PCRA petition, challenging the legality of his sentence and alleging malicious prosecution and abuse of discretion of the PCRA judge.

On February 2, 2018, the PCRA court appointed counsel to represent Appellant. On April 3, 2018, PCRA counsel filed a petition to withdraw and a "no merit" letter in compliance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), that stated the issues raised in Appellant's *pro se* PCRA petition are without arguable merit and there are no other issues of arguable merit which could be raised in a counseled petition. Counsel notified Appellant of his right to proceed *pro se* or with the assistance of privately retained counsel in the event the PCRA court granted his application to withdraw. On April 18, 2018 and May 4, 2018 the PCRA court sent notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice).

___

[3] 35 P.S. § 780-113(a)(30).

- 2 -

On May 16, 2018, Appellant filed a *pro se* response to the Rule 907 Notice. The PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition, finding the issues raised were without merit. On July 3, 2018, Appellant filed this timely appeal.[4]

Appellant presents the following issues for our review:

1. Is the Defendant Edward Friedland, entitled to an evidentiary hearing due to a merited claim of an illegal sentence. The District Attorney during Trial stipulated to the facts that the chemistry Labatory [sic] Report and those who completed the testing would testify that the amount of total grams involved within this matter is 4.864 grams including Ms. Dean, George, and Muller?

2. Is sentence illegal due to the Legislatures intent as to Felony 3 total amount of years applicable?

3. Did the Honorable Judge Timika Lane Abuse her discretion denying Post Conviction Relief Action?

4. Did the District Attorney Violate the Stipulation?

Appellant's Brief at 3.[5]

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Medina***, 2019 PA Super 119, *3 (filed April 17, 2019) (citation omitted).

---

[4] Appellant filed his statement of errors complained of on appeal on August 24, 2018 although the PCRA court did not order one. The trial court entered its opinion on October 10, 2018.

[5] We note Appellant filed two Appellate briefs, he did not request permission to file an amended brief, but there appears to be no objection from the Commonwealth, therefore, we will accept the Appellant's amended brief, filed November 19, 2018.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence in question arose from one or more of the following errors:

> violation of Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place . . . the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced, [or] imposition of a sentence greater than the lawful maximum . . .

and that the issues raised have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(2), (3).

Appellant first claims that he is eligible for relief under the PCRA because the sentence imposed was greater than the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii). As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 270 (Pa. Super. 2016) (citation omitted). This Court has jurisdiction over Appellant's timely appeal.

Appellant argues that his sentence of four to eight years' incarceration plus two years' consecutive probation is illegal because PWID should have been graded as a felony of the third degree and, therefore, he should have been sentenced to no less then seven years. Appellant relies on the following sections in the crimes code to support his proposition: "a crime declared to be

a felony, without specification of degree, is of the third degree," 18 Pa.C.S. §

106(b)(5), and "a person who has been convicted of a felony may be

sentenced to imprisonment as follows . . . in the case of a felony of the third

degree, for a term which shall be fixed by the court at not more than seven

years." *Id.* § 1103(3).

PWID is defined within The Controlled Substance, Drug, Device and

Cosmetic Act (The Controlled Substance Act):

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113 (a)(30).  The Controlled Substance Act defines the penalties

applicable to the prohibited acts.  *Id.* § 780-113 (b)-(o).  Specifically, the

penalty for PWID, cocaine base, is defined as:

> Any person who violates clause (12), (14) or (30) of subsection (a) with respect to . . . coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine . . . is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years, or to pay a fine not exceeding one hundred thousand dollars ($100,000), or both.

*Id.* § 780-113(f)(1.1) (footnote omitted).

It is clear that The Controlled Substance Act contains specific provisions

defining PWID and the penalty.  The Controlled Substance Act clearly and

specifically enumerates "its own comprehensive scheme of offenses and penalties," and thus "it would seem that the legislature intended to accord special treatment to this area of criminal conduct to the exclusion of the more general provisions of the Crimes Code." *Commonwealth v. Davis*, 618 A.2d 426, 429 (Pa. Super. 1992) (citations omitted). "At a minimum, we find it unreasonable to presume the legislature would intend or desire to have the specifics of its comprehensive Controlled Substance Act nullified by general provisions of a general Crimes Code not particularly intended for narcotics offenses." *Id*.

The legislature has the "exclusive power to pronounce which acts are crimes, to define crimes, [ ] to fix the punishment for all crimes[,]" and "to classify crimes." *Id.* at 428.

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. Statutes designed to establish proper procedures for sentencing all defendants who commit crimes are general provisions, for purposes of the principle that a specific provision will prevail over a general provision when a conflict between the two provisions is irreconcilable. *Commonwealth v. Poncala*, 915 A.2d 97, 101 (Pa. Super. 2006) (citation omitted).

- 6 -

Additionally,

> we find the syntax of section 106(e)[6] compels the eminently reasonable conclusion that the grading scheme in 106 applies only to offenses hereafter defined by any statute other than this title, and not to offenses previously defined by other statutes, such as the offenses defined in The Controlled Substance Act prior to the effective date of section 106.

***Davis***, 618 A.2d at 429. The offense of PWID and the designated penalty were enacted before section 106 and section 1103 of the crimes code. **See** 18 Pa.C.S. § 1103 (effective date June 6, 1973); 18 Pa.C.S. § 106 (effective date June 6, 1973); 35 P.S. § 780-113 (effective date April 14, 1972).

Appellant's argument that PWID, as an ungraded felony, must be construed as a felony of the third degree fails. The law is clear that the more specific provisions of The Controlled Substance Act will prevail over the general provisions in the crimes code. **See also Poncala**, 915 A.2d at 105 (holding specific DUI sentencing provisions control over general Sentencing Code provision); **see Davis**, 618 A.2d at 429-30 (finding the express classification of possession of marijuana as a misdemeanor in the Controlled Substance Act is clear evidence of the General Assembly's intent to grade the offense as a misdemeanor rather than a summary offense, notwithstanding that the sentence for the offense is consistent with a summary offense). As the legislature specifically defined PWID in The Controlled Substance Act,

---

6 An offense hereafter defined by any statute other than this title shall be classified as provided in this section.

designated it an ungraded felony, and fixed the penalty as no more than ten years, Appellant's sentence is legal.

Additionally, in furtherance of his illegal sentence claim, Appellant appears to argue that the total weight of the controlled substance effects the grading of PWID as a felony of the second degree or a felony of the third degree. However, there is no support for this proposition in Pennsylvania case law or statutory law. This argument is meritless.

Next, Appellant challenges the offense gravity score (OGS). Appellant argues an erroneous OGS was used in calculating his sentencing guidelines, due to prosecutorial misconduct. To the extent that Appellant is challenging the OGS, we agree with the PCRA court:

> A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of the sentence. **Commonwealth v. Lamonda**, 52 A.3d 365, 370-371 (Pa. Super. 2012). It is well settled that "[r]requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007); **see also Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014) (noting that discretionary aspects of a sentence should be raised in a direct appeal).

Trial Court Opinion at 6. An issue is considered waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding. 42 Pa.C.S. § 9544(b); **Commonwealth v. Williams**, 900 A.2d 906, 908–09 (Pa. Super. 2006) (*en banc*); **Commonwealth v. Fowler**, 930 A.2d 586, 594 (Pa. Super.

2007). Appellant failed to preserve the issue he now asks us to consider in this appeal. Therefore, it is waived.[7]

Appellant alleges the PCRA court abused its discretion in denying him an evidentiary hearing based on a merited illegal sentence claim. Based on the discussion above, we find that the PCRA court did not abuse its discretion by denying an evidentiary hearing based on Appellant's illegal sentence claims, as the claims are meritless. As Appellant is not entitled to PCRA relief on his illegal sentence claims, he is likewise not entitled to an evidentiary hearing on those claims. *Commonwealth v. Postie*, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.").

In his brief to this Court, Appellant contends the sentencing provision in 35 P.S. § 780-113(f)(1.1) is vague, and contains mandatory sentencing language contrary to the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). However, Appellant did not argue this in his pleading before the PCRA

---

[7] Appellant represented himself at sentencing. He did not object to the stipulation to the OGS of 7, quite the opposite, he agreed. Additionally, because Appellant agreed to the stipulation, we find the issue meritless. N.T. Sentencing, at 4 (lines 13-19).

court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This issue is waived.

Appellant appears to argue ineffective assistance of standby counsel at sentencing and of PCRA counsel for filing a **Turner-Finley** "no merit" letter. A PCRA petitioner must exhibit a concerted effort to develop his ineffective assistance claim and may not rely on boilerplate allegations of ineffectiveness. **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007). Appellant appears to argue that he received erroneous advice from standby counsel and based upon that advice, stipulated to the OGS of 7. As Appellant did not develop this argument, we find it waived. Appellant likewise did not develop any argument supporting ineffective assistance of PCRA counsel, and we find the issue waived.[8]

The trial court sentenced Appellant within the statutory maximum for PWID. As we find that the evidence supports the PCRA court's determination and that the PCRA court's ruling is free of legal error, we affirm the order of the PCRA court.

Order of the PCRA court affirmed.

---

[8] Additionally, Appellant raised an issue in his PCRA, that counsel discussed in his **Turner-Finley** "no merit letter," regarding defense witnesses, but Appellant has abandoned this issue on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/19