J-E02005-15

2015 PA Super 186

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| CHRISTOPHER C. GROW | |
| Appellee | No. 2017 MDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005071-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., DONOHUE, J.,
SHOGAN, J., ALLEN, J., LAZARUS, J., MUNDY, J., and STABILE, J.

OPINION BY LAZARUS, J.:                    **FILED SEPTEMBER 04, 2015**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed by the Court of Common Pleas of York County after Appellee, Christopher C. Grow, entered a guilty plea to driving under the influence (DUI).  Specifically, Grow pled guilty to second-offense DUI with refusal to submit to chemical testing of his blood alcohol content (BAC).[1] For this offense, Grow was sentenced to serve six months of intermediate punishment with forty-five days of incarceration, followed by ninety days on house arrest with electronic monitoring.[2]  After careful review, we affirm.

---

[1] 75 Pa.C.S. § 3803(b)(4).

[2] The trial court also imposed twelve months' probation for a habitual offender violation under 75 Pa.C.S. § 6503.1 and six to twelve months' incarceration for driving with suspended operating privileges pursuant to 75 Pa.C.S. § 1543(b)(1.1).

In May 2013, Grow was involved in a motor vehicle collision in which he rear-ended a vehicle stopped at a traffic light. A police officer arrived on the scene of the accident and spoke with Grow. The officer observed signs that Grow was intoxicated, including the odor of alcohol and that Grow had slurred speech, bloodshot eyes, and poor balance. When asked, Grow admitted to consuming alcohol. Grow unsuccessfully attempted to perform field sobriety tests, and the officer arrested him for DUI. Grow refused to allow his blood to be drawn to test its alcohol level.

Thereafter, on October 11, 2013, Grow entered his guilty plea and was sentenced. Grow and the Commonwealth agreed to a minimum sentence but did not reach an agreement regarding the maximum sentence to be imposed. The Commonwealth timely filed a notice of appeal and court-ordered concise statement of errors complained of on appeal.

The Commonwealth raises one issue for our review:

> Whether the sentencing court erred when it held that six months for [Grow's] driving under the influence (refusal) (second offense) conviction was the statutory maximum allowable sentence it could consider[.]

Brief for Appellant, at 4.

The Commonwealth challenges this Court's precedential decision, **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), in which we interpreted 75 Pa.C.S. § 3803 as providing a six-month maximum sentence for second DUI offenses with refusal to submit to chemical testing. The Commonwealth's question of statutory construction implicates the legality of

Grow's sentence and thus is appealable as of right. ***Commonwealth v. Ausberry***, 891 A.2d 752, 754 (Pa. Super. 2006). Our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Gutierrez***, 969 A.2d 584, 592 (Pa. Super. 2009).

> In considering a question of statutory construction, we are
>
> guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S. § 1921(a). In pursuing that end, we are mindful that "**[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.**" 1 Pa.C.S. § 1921(b). Indeed, "[a]s a general rule, **the best indication of legislative intent is the plain language of a statute**." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S. § 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S. § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

***Commonwealth v. Wilson***, 111 A.3d 747, 751 (Pa. Super. 2015) (citing ***Commonwealth v. Shiffler***, 879 A.2d 185, 189-90 (Pa. 2005)) (emphasis added).

At the time Grow was sentenced, the relevant portions of section 3803 provided:[3]

**Grading**

**(a) Basic offenses.--**Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and to pay a fine under section 3804 (relating to penalties).

* * *

**(b) Other offenses.--**

* * *

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses **commits a misdemeanor of the first degree**.

75 Pa.C.S. § 3803 (amended 2014) (emphasis added).

_____

[3] On October 27, 2014, the legislature amended section 3803(a) to replace "Notwithstanding the provisions of section (b)" with "Except as provided in subsection (b)." 75 Pa.C.S. § 3803. As Grow pled guilty and was sentenced prior to the effective date of the amendment to the statute, however, the amended version does not apply to this matter. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1270 n.8 (Pa. Super. 2012) (interpreting prior statute after law amended since prior version applied to time period during which defendant was convicted and sentenced).

Ordinarily, the statutory maximum sentence for a first-degree misdemeanor is five years' incarceration. *See* 18 Pa.C.S. § 1104(1); *see also* 18 Pa.C.S. § 106(b)(6). However, the *Musau* Court determined six months' imprisonment to be the maximum sentence for second-offense DUI with refusal to submit to chemical testing, despite the grading of the offense as a first-degree misdemeanor. In so deciding, the Court relied upon the initial language in section 3803 of "[n]otwithstanding the provisions of subsection (b)." 75 Pa.C.S. § 3803(a) (amended 2014). The Court construed this prefatory language with the other provisions of section 3803, determining that **although** section 3803(b)(4) specifies the grading of the crime as a first-degree misdemeanor, the maximum penalty is the six-month sentence provided in section 3803(a)(1). *Musau*, *supra*, at 758.

The definition of "notwithstanding" was critical to the Court's decision in *Musau*. The Court discussed the ordinary meaning of the word as "in spite of" or "although" and noted that our Supreme Court has defined it as "regardless of." *Id.* at 757 (citing *City of Philadelphia v. Clement & Muller, Inc.*, 715 A.3d 397, 399 (Pa. 1998) (holding plain meaning of phrase "notwithstanding a contrary provision of law of the Commonwealth" is "regardless of what any other law provides")). These synonymous definitions demonstrate that the word has an accepted meaning that is clear on its face. Thus, we agree with Grow's argument in the instant matter and with the holding of the *Musau* Court that "the plain language of the statute, giving the words their ordinary meanings, indicates [that] regardless of the

. . . grading of the offense as a first-degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Musau**, **supra**, at 758.

Because the plain meaning of the statute in question is clear and free from ambiguity, the Statutory Construction Act[4] provides that "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Moreover, we are constrained to consider solely the plain meaning of section 3803, since "**only when the words of a statute are ambiguous** should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors found in [s]ection 1921(c)."[5] **Commonwealth v. Brown**, 981 A.2d 893, 898 (Pa.

---

[4] 1 Pa.C.S. §§ 1921-1939.

[5] The statutory construction factors listed in section 1921(c) include:

> (1) The occasion and necessity for the statute.
>
> (2) The circumstances under which it was enacted.
>
> (3) The mischief to be remedied.
>
> (4) The object to be attained.
>
> (5) The former law, if any, including other statutes upon the same or similar subjects.
>
> (6) The consequences of a particular interpretation.
>
> (7) The contemporaneous legislative history.
>
> (8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921.

2009) (emphasis added). Nevertheless, we will address the Commonwealth's arguments regarding this Court's interpretation of section 3803 and the application of principles of statutory interpretation.

Initially, the Commonwealth asserts that the trial court incorrectly relied on our holding in *Musau* to determine the appropriate maximum sentence in this matter. The Commonwealth argues that ***Commonwealth v. Barr***, 79 A.3d 668 (Pa. Super. 2013), controls because it was decided after *Musau* and indicates a five-year maximum sentence for Grow's offense.[6] The Commonwealth's reliance on *Barr* is misplaced, however, because the issue before us in that matter involved the correct instruction for a jury to find that the defendant "refused" blood, breath, or urine testing. ***See id.*** at 671. The statement that Barr's refusal would increase the maximum penalty from six months' to five years' was made in passing and was not critical to the holding of the decision. As a result, the statement regarding the increased penalty is dictum and is not controlling regarding the statutory interpretation of section 3803. ***See U.S. Steel Co. v. County***

---

[6] The Commonwealth also cites to the unpublished decision in ***Commonwealth v. Mendez***, 62 A.3d 456 (Pa. Super. 2012) (unpublished memorandum), in which a panel of this court interpreted the same provisions at issue instantly and determined that a five-year maximum applied. However, *Musau* was later in time and, as a published opinion, is controlling. We also note that our Supreme Court initially granted allowance of appeal in *Mendez* on July 17, 2013. However, on March 30, 2015, after the Legislature amended the relevant statute, the Court dismissed the appeal as improvidently granted.

*of Allegheny*, 86 A.2d 838, 843 (Pa. 1952) (dictum involving interpretation of statute not controlling).

Next, the Commonwealth asserts that "[t]he only interpretation of section 3803 that gives effect to all provisions without resulting in absurdity is that the particular provision controls over the general provision." Brief for Appellant, at 11. The Commonwealth premises this argument on section 1933 of the Statutory Construction Act, which indicates that:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision.

1 Pa.C.S. § 1933. In relying on this principle of statutory interpretation, the Commonwealth argues that the provisions of section 3803(b) are particular provisions that control over the general provisions in section 3803(a). The Commonwealth's argument fails for several reasons.

First, the provisions of section 3803(b) are subordinated to section 3803(a) by the statute's plain language. The Commonwealth merely assumes that section 3803(a)(1) and section 3803(b)(4) are in conflict and that both provisions cannot be given effect. However, it is noteworthy that the conflict that occurs under these facts arises because of the general sentencing maximum for first-degree misdemeanors provided by 18 Pa.C.S. § 1104(1) and 18 Pa.C.S. § 106(b)(6). Given the general nature of the Sentencing Code, we consider section 3803 to be a specific provision that

controls over the general sentencing provisions.  *See Commonwealth v.*

*Poncala*, 915 A.2d 97, 105 (Pa. Super. 2006) (holding specific DUI

sentencing provisions control over general Sentencing Code provision).

Next, to the extent a conflict exists between sections 3803(a)(1) and

(b)(4), the conflict is far from irreconcilable.[7]  Both provisions can be given

effect as required by section 1933 of the Statutory Construction Act, because

section 3803(b)(4) provides for grading while section 3803(a)(1) provides

for the length of the sentence.  The first-degree grading provided for in

section 3803(b)(4) is not rendered a nullity merely because the sentence

prescribed in section 3803(a)(1) is shorter than is typical for a first-degree

misdemeanor.  Indeed, grading the offense as a misdemeanor of the first

degree has effects beyond the length of the sentence that may be imposed.

_____

[7] In its argument that section 3803(a) and (b) contain conflicting provisions and that our reading of the statute in *Musau* creates absurdities, the Commonwealth discusses a situation that is outside the facts of the present dispute.  The Commonwealth notes that under our interpretation that section 3803(b) is subordinated to section 3803(a), a second DUI offense with refusal is graded as a first-degree misdemeanor, and if this interpretation were extended, a third DUI offense with refusal would be graded as a second-degree misdemeanor based upon the terms of section 3803(a)(2) (individual with "more than one prior offense commits a misdemeanor of the second degree.").  Unlike the instant matter, in which the provisions at issue do not directly conflict, however, a third DUI offense with refusal would present a **direct conflict** between provisions:  section 3803(a)(2) specifies second-degree grading for a third offense with refusal, while section 3803(b)(4) specifies first-degree grading for the same offense.  If that issue arose, the court ruling on the matter would have to engage in statutory interpretation to resolve the conflict between the provisions.  However, we need not do so, as that particular issue is not before us.

For instance, the first-degree grading increases the offense gravity score from one to five and increases the mandatory period of license suspension from 12 months to 18 months. **See** 204 Pa. Code § 303.15; 75 Pa.C.S. § 3804(e)(2).

Moreover, despite the Commonwealth's claim to the contrary, the grading and sentencing of the offense for a defendant in Grow's position is hardly absurd; the result merely diverges from the typical scheme. It is well-established that sentencing and grading can follow separate schemes. **See Commonwealth v. Ruffin**, 16 A.3d 537, 543 (Pa. Super. 2011) (legislature may have different motives when grading offense and establishing its punishment); **see also Commonwealth v. Davis**, 618 A.2d 426, 430 (Pa. Super. 1992) (en banc) ("[T]he express classification of possession of marijuana as a misdemeanor in the Controlled Substance Act is clear evidence of the General Assembly's intent to grade the offense as a misdemeanor rather than a summary offense, notwithstanding that the sentence for the offense is consistent with a summary offense.").

The Commonwealth also asserts that though the term "notwithstanding" appears to be clear on its face, it actually serves to introduce ambiguity. On this basis, the Commonwealth looks to the statutory construction factors in section 1921(c) and provides an alternative interpretation of section 3803 that would indicate the maximum sentence for Grow's offense is five years' incarceration.

The alternate interpretation the Commonwealth advances as its "primary argument" in this matter is that "'notwithstanding' is intended to only modify 'basic offenses' and not the specific provisions of 'other offenses.'" Brief for Appellant, at 23. The Commonwealth argues that "the use of section titles 'Basic offenses' for 3803(a) and '[O]ther offenses' for 3803(b) [creates] a clean break between the sections," such that "notwithstanding" applies only to 3803(a), thus "giv[ing] full effect to all of the provisions of the statute." *Id.* at 13. In support of this argument, the Commonwealth also asserts that the correct interpretation of "notwithstanding" is that it means "unchanged" or "not influenced by." *Id.*

The Commonwealth's construction of the statute and its proposed meaning is flawed for several reasons. While section headings can be used to interpret a statute, they are not controlling. *See* 1 Pa.C.S. § 1924. We also find the Commonwealth's argument regarding an alternative definition for "notwithstanding" to be unpersuasive. First, "notwithstanding" has an accepted meaning as indicated by our Supreme Court. *Clement & Muller, Inc.*, *supra*. Secondly, the definitions proposed by the Commonwealth support a reading of the statute identical to that which we employed in *Musau*. For instance, using the Commonwealth's proposed definitions, the statute indicates that: 1) the six-month maximum sentence would be "unchanged" by the fact that the offense is a misdemeanor of the first degree, or 2) the six-month maximum sentence would "not be influenced by" the first-degree grading of the offense. Simply put, the

Commonwealth's argument regarding headings and definitions is belied by the statutory text.

The Commonwealth next turns to legislative history and administrative interpretations of the DUI statute in support of its claim that the maximum sentence for Grow's offense is five years' incarceration. Pursuant to section 1921(c) of the Statutory Construction Act, legislative and administrative interpretations of a statute may be considered when the wording of the statute is ambiguous. 1 Pa.C.S. § 1921(c). Here, however, as we have already discussed, the wording of the statute is clear and free from doubt such that the factors that may be considered in section 1921(c) lack relevance.

Nevertheless, the Commonwealth cites to the Pennsylvania Sentencing Commission's interpretation of section 3803 and a remark provided by one legislator to support its claim that the legislature intended a maximum sentence of five years for a second DUI offense with refusal. We note that the Sentencing Commission's interpretation is in no way binding on this Court. Moreover, the remark of one legislator is insufficient to express legislative intent, as "[o]ne must look to what the legislature did, not what a single legislator thought the legislation did." **Commonwealth v. Wisneski**, 29 A.3d 1150, 1153 (Pa. 2011). Thus, the legislative and administrative interpretations provided by the Commonwealth do not alter our interpretation of the plain language of section 3803.

Finally, we turn to the argument raised by Grow that the rule of strict construction in section 1928 of the Statutory Construction Act requires us to limit his maximum sentence to six months as provided in section 3803(a)(1). Section 1928 provides that penal provisions shall be strictly construed. 1 Pa.C.S. § 1928(b)(1). Strict construction in this sense means that "where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt." *Commonwealth v. Kelly*, 102 A.3d 1025, 1030 (Pa. Super. 2014) (quoting *Commonwealth v. McCoy*, 962 A.2d 1160, 1168-69 (Pa. 2009)). Thus, even if the language of section 3803 results in ambiguity, Grow is entitled to the benefit of the doubt: a maximum sentence of six months' rather than five years' incarceration.

For the foregoing reasons, we find that the trial court did not err in following our holding in *Musau* and sentencing Grow to a maximum sentence of six months' incarceration.

Judgment of sentence affirmed.

President Judge Gantman, President Judge Emeritus Bender, Judges Panella, Donohue, Shogan, Allen and Stabile join this opinion.

Judge Mundy files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/4/2015</u>