J-E02005-15

2015 PA Super 186

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| CHRISTOPHER C. GROW | |
| Appellee | No. 2017 MDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005071-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., DONOHUE, J., SHOGAN, J., ALLEN, J., LAZARUS, J., MUNDY, J., and STABILE, J.

DISSENTING STATEMENT BY MUNDY, J.:      **FILED SEPTEMBER 04, 2015**

After careful consideration, I respectfully dissent for the reasons given in my unpublished memorandum in ***Commonwealth v. Mendez***, 62 A.3d 456 (Pa. Super. 2012) (unpublished memorandum), *appeal dismissed*, 111 A.3d 1187 (Pa. 2015).   Therein, I noted that the rules of statutory construction require us to give effect to all of Section 3803's provisions if possible.   ***See*** 1 Pa.C.S.A. § 1921(a) (stating, "[e]very statute shall be construed, if possible, to give effect to all its provisions[]").   I also observed, as the Majority does here, that the General Assembly added the "[n]otwithstanding the provisions of subsection (b)" language to Section 3803(a) at the same time that it added "where the individual refused testing of blood or breath" to Section 3803(b)(4).   ***See*** Act of November 29, 2004,

P.L. 1369, No. 177, § 2. I also stress that the General Assembly titled subsection (b) "other offenses," indicating that when one of those provisions is triggered by any of the extra elements listed in subsection (b), then subsection (a) does not apply. **See generally** 75 Pa.C.S.A. § 3803(b); **Commonwealth v. Mobley**, 14 A.3d 887, 891 (Pa. Super. 2011) (referring to Section 3803(b)(4) as a "sentencing enhancement").

Based on these considerations, I conclude that the rules of statutory construction require the enhancement provision of Section 3803(b)(4) to be construed as an aggravated offense apart from the general provision at Section 3803(a)(1). This would give effect to all of the provisions of Section 3803. Accordingly, defendants who have one prior DUI conviction and **do not refuse** chemical testing would be controlled by Section 3803(a)(1), the general provisions, whereas defendants who have one prior DUI conviction and refuse chemical testing commit an aggravated offense and would be controlled by Section 3803(b)(4).[1]

Further, I agree with the Commonwealth that the effect of **Musau**'s conclusion would be to nullify all of Section 3803(b). It would be absurd to conclude the General Assembly intended Section 3803(a)'s

---

[1] A different panel of this Court, subsequent to **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), noted that this was "a logical interpretation" of Section 3803, as it forwarded the plain text of and gave effect to all of its provisions. **Commonwealth v. Concordia**, 97 A.3d 366, 370 n.2. (Pa. Super. 2014), *appeal denied*, --- A.3d ---, 604 MAL 2014 (Pa. 2015).

"notwithstanding" language to nullify Section 3803(b)(4), when the two provisions were enacted together in the same legislation. *See* 1 Pa.C.S.A. § 1922(1) (stating, "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable[]").

Based on these considerations, I conclude that *Musau* was incorrectly decided, as it failed to take into account all of the rules of statutory construction. Accordingly, I would overrule *Musau*, vacate the judgment of sentence, and remand for resentencing. I respectfully dissent.