J-S66039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LUKASZ M. JURA, | : | |
| | : | |
| Appellee | : | No. 660 MDA 2014 |

Appeal from the Judgment of Sentence entered on March 19, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0000199-2014

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 24, 2015**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered following Lukasz M. Jura's ("Jura") guilty plea to driving under the influence of alcohol (second offense) ("DUI"), with refusal to submit to chemical testing.[1]  The Commonwealth disputes the trial court's reliance upon this Court's decision in ***Commonwealth v. Musau***, 69 A.3d 754 (Pa. Super. 2013), in which we interpreted 75 Pa.C.S.A. § 3803 as providing a six-month maximum sentence for a second DUI offense where the defendant refused to submit to chemical testing.  ***See Musau***, 69 A.3d at 758.  We affirm.

On March 19, 2014, Jura pled guilty to DUI (second offense), with the offense graded as a first-degree misdemeanor under 75 Pa.C.S.A.

---

[1] 75 Pa.C.S.A. § 3802(a)(1), (b)(4).

J-S66039-14

§ 3803(b)(4), because Jura had refused to submit to chemical testing. The trial court sentenced Jura to time served to six months in jail, and a fine of $1500. Thereafter, the Commonwealth filed the instant timely appeal, challenging the trial court's interpretation of Vehicle Code section 3803(a)(1), as setting a statutory maximum sentence of six months.

The Commonwealth claims that the trial court improperly relied upon **Musau**, arguing that this Court's most recent interpretation of section 3803 provides for a statutory maximum sentence of five years. Brief for the Commonwealth at 9-10 (citing **Commonwealth v. Barr**, 79 A.3d 668, 674 (Pa. Super. 2013)).[2] The Commonwealth asserts that the grading of the offense is governed by 75 Pa.C.S.A. § 3803, "and constitutes a Misdemeanor 1 graded offense with a sentencing mandatory minimum of 90 days, and a statutory maximum sentence of five years." Brief for the Commonwealth at 9.

---

[2] In **Barr**, a panel of this Court held that an appellant's refusal to submit to chemical testing

> increased the grade of Appellant's second DUI conviction from an ungraded misdemeanor to a misdemeanor of the first degree. 75 Pa.C.S.A. § 3803(b)(4). The jury's "refusal" determination also increased Appellant's statutory maximum penalty from six months' imprisonment to five years' imprisonment and increased Appellant's mandatory minimum penalty from 30 days in jail to 90 days in jail. 75 Pa.C.S.A. §§ 3803(b)(1) and 3804(c)(2); 18 Pa.C.S.A. § 1104(1) (prescribing the statutory maximum for misdemeanors).

**Barr**, 79 A.3d at 674.

The Commonwealth's argument implicates the legality of Jura's sentence and thus is appealable as of right. **Commonwealth v. Grow**, 2015 PA Super 186, 2015 Pa. Super. LEXIS 510, at *3 (*en banc*). As such, our standard of review is *de novo*, and our scope of review is plenary. **Id.**

Our review of the record discloses that the trial court sentenced Jura pursuant to 75 Pa.C.S.A. § 3803(a)(1), as in effect at the time of Jura's sentencing. At that time, section 3803 provided, in relevant part, as follows:

> **§ 3803. Grading**
>
> **(a) *Basic offenses. –***
>
> Notwithstanding the provisions of section (b):
>
>> (1) An individual who violates section 3802(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and pay a fine under section 3804 (relating to penalties).
>>
>> ***
>
> (b) Other offenses.
>
>> ***
>
>> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803 (effective until October 27, 2014) (emphasis added).[3]

---

[3] On October 27, 2014, the legislature amended section 3803(a) to replace the phrase "Notwithstanding the provisions of section (b)" with "Except as provided in subsection (b)." 75 Pa.C.S.A. § 3803(a). As Jura was convicted

- 3 -

On September 4, 2015, the Pennsylvania Superior Court, sitting *en banc*, filed its decision in **Grow** to determine whether **Barr** or **Musau** controls in sentencing a defendant who has one prior DUI and who has refused chemical testing upon the second DUI. In **Grow**, the *en banc* Court, agreeing with this Court's interpretation of section 3803 in **Musau**, held that "the plain language of the statute, giving the words their ordinary meanings, indicates [that] regardless of the … grading of the offense as a first-degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Grow**, slip opinion at 5-6 (quoting **Musau**, 69 A.3d at 758). Thus, the *en banc* panel concluded,

> because the meaning of the statute in question is clear and free from ambiguity, the Statutory Construction Act provides that "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Moreover, we are constrained to consider solely the plain meaning of section 3803, since "only when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors found in Section 1921(c)." **Commonwealth v. Brown**, 603 Pa. 31, 981 A.2d 893, 898 (Pa. 2009) []….

**Grow**, slip opinion at 6-7 (footnotes omitted).[4] As this Court's *en banc* decision in **Grow** is binding precedent, we cannot grant the Commonwealth relief on its challenge to the legality of Jura's sentence.

---

and sentenced prior to the amendment, the amended version is not applicable in this appeal.

[4] Nevertheless, the *en banc* Court in **Grow** considered and rejected the Commonwealth's arguments that this Court's decision in **Barr** controls, *see* **Grow**, slip opinion at 7-10 (concluding that the language in **Barr,** relied

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015

---

upon by the Commonwealth, is *dictum* and not controlling); 8-9 (stating that "grading and sentencing of the offense for a defendant in Grow's position is hardly absurd; the result merely diverges from the typical scheme."); 12 (stating that although section 1921(c) of the Statutory Construction Act, 1 Pa.C.S.A. § 1921(c), permits legislative and administrative interpretations to be considered when the wording of the statute is ambiguous, the language of section 3803 is clear and free from ambiguity).