J-S66036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON JACOB BARROW, | : | |
| | : | |
| Appellee | : | No. 839 MDA 2014 |

Appeal from the Judgment of Sentence entered on April 15, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0000805-2014

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 24, 2015**

In this appeal, the Commonwealth of Pennsylvania challenges the judgment of sentence entered by the trial court following Brandon Jacob Barrow's ("Barrow") guilty plea to driving under the influence of alcohol—general impairment (second offense) ("DUI"), with refusal to submit to chemical testing.[1]  The Commonwealth disputes the trial court's reliance upon this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), in which we interpreted 75 Pa.C.S.A. § 3803 as providing a six-month maximum sentence for second DUI offenses with refusal to submit to chemical testing.  **See Musau**, 69 A.3d at 758.  We affirm.

The Commonwealth's argument implicates the legality of Barrow's sentence and thus is appealable as of right.  **Commonwealth v. Grow**,

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

2015 PA Super 186, 2015 Pa. Super. LEXIS 510, at \*3 (*en banc*). As such, our standard of review is *de novo*, and our scope of review is plenary. **Id.**

> The Commonwealth claims that
>
> in regards to second offense DUIs under 75 Pa.C.S.A. § 3802(a)(1) General Impairment, where a defendant refuses Blood Alcohol Content (BAC) testing, the grading of those offenses is governed by 75 Pa.C.S.A. § 3803 and constitutes a Misdemeanor 1 graded offense **with a sentencing mandatory minimum of 90 days, and a statutory maximum sentence of five years.**

Brief for the Commonwealth at 9 (emphasis added). The Commonwealth disputes the trial court's reliance upon this Court's decision in **Musau**. **Id.** The Commonwealth contends that this Court's subsequent decision in **Commonwealth v. Barr**, 79 A.3d 668 (Pa. Super. 2013) controls.[2] Brief for the Commonwealth at 9-10.

---

[2] In **Barr**, a panel of this Court held that an appellant's refusal to submit to chemical testing

> increased the grade of Appellant's second DUI conviction from an ungraded misdemeanor to a misdemeanor of the first degree. 75 Pa.C.S.A. § 3803(b)(4). The jury's "refusal" determination also increased Appellant's statutory maximum penalty from six months' imprisonment to five years' imprisonment and increased Appellant's mandatory minimum penalty from 30 days in jail to 90 days in jail. 75 Pa.C.S.A. §§ 3803(b)(1) and 3804(c)(2); 18 Pa.C.S.A. § 1104(1) (prescribing the statutory maximum for misdemeanors).

**Barr**, 79 A.3d at 674.

Our review of the record discloses that the trial court sentenced Barrow pursuant to 75 Pa.C.S.A. § 3803(a)(1), as in effect at the time of Barrow's sentencing. At that time, section 3803 provided as follows:

**§ 3803. Grading**

**(a) *Basic offenses.* –**

Notwithstanding the provisions of section (b):

(1) An individual who violates section 3802(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and pay a fine under section 3804 (relating to penalties).

\*\*\*

(b) Other offenses.

\*\*\*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803 (effective until October 27, 2014).[3]

On September 4, 2015, the Pennsylvania Superior Court, sitting *en banc*, filed its decision in **Grow** to determine whether **Barr** or **Musau** controls in sentencing a defendant who has one prior DUI and who has

---

[3] On October 27, 2014, the legislature amended section 3803(a) to replace the phrase "Notwithstanding the provisions of section (b)" with "Except as provided in subsection (b)." 75 Pa.C.S.A. § 3803(a). As Barrow was convicted and sentenced prior to the amendment, the amended version is not applicable in this appeal.

refused chemical testing upon the second DUI. In **Grow**, the *en banc* Court, agreeing with this Court's interpretation of section 3803 in **Musau**, held that "the plain language of the statute, giving the words their ordinary meanings, indicates [that] regardless of the … grading of the offense as a first-degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Grow**, slip opinion at 5-6 (quoting **Musau**, 69 A.3d at 758). Thus, the *en banc* panel concluded,

> because the meaning of the statute in question is clear and free from ambiguity, the Statutory Construction Act provides that the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Moreover, we are constrained to consider solely the plain meaning of section 3803, since "only when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors found in Section 1921(c). **Commonwealth v. Brown**, 603 Pa. 31, 981 A.2d 893, 898 (Pa. 2009) (emphasis added)….

**Grow**, slip opinion at 6-7 (footnotes omitted). Nevertheless, the *en banc* Court considered and rejected the Commonwealth's arguments that this Court's decision in **Barr** controls, **see id.** at 7-10 (concluding that the language in **Barr,** relied upon by the Commonwealth, is *dictum* and not controlling); 8-9 (stating that "grading and sentencing of the offense for a defendant in Grow's position is hardly absurd; the result merely diverges from the typical scheme."); 12 (stating that although section 1921(c) of the Statutory Construction Act, 1 Pa.C.S.A. § 1921(c), permits legislative and administrative interpretations to be considered when the wording of the statute is ambiguous, the language of section 3803 is clear and free from

- 4 -

ambiguity). As this Court's *en banc* decision in **Grow** is binding precedent, we cannot grant the Commonwealth relief on its challenge to the legality of Barrow's sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015