J-S16035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DONALD L. ZIMMERMAN, JR. | |
| Appellee | No. 1584 MDA 2014 |

Appeal from the Judgment of Sentence August 28, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001813-2014

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                         **FILED SEPTEMBER 30, 2015**

The Commonwealth appeals from the judgment of sentence imposed on August 28, 2014, in the Court of Common Pleas of York County, following Zimmerman's guilty plea to driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1). This was Zimmerman's second offense and, because he had refused to submit to chemical testing, pursuant to 75 Pa.C.S. § 3803(b)(4), the violation was graded as an ungraded misdemeanor with a maximum sentence of six months' incarceration. Accordingly, Zimmerman was sentenced to six months' intermediate punishment. In this timely appeal, the Commonwealth claims the trial court misinterpreted the law by failing to recognize the legislature amended the relevant statute. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The Commonwealth's appeal is a challenge to the legality of the sentence.

> The scope and standard of review in determining the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Jurczak*, 86 A.3d 265, 267 (Pa. Super. 2014) (citation omitted).

This matter involves 75 Pa.C.S § 3803, and this Court's decision in *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013).[1] In

_____

[1] The relevant portions of Section 3803, at the time of Zimmerman's sentencing were:

> **a) Basic offenses.—**Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
> ***
>
> **b) Other offenses -**
>
> 4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

*(Footnote Continued Next Page)*

*Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013), a three judge panel of our Court interpreted Section 3803, specifically, the use of the word "notwithstanding" and concluded that a second offense DUI with a refusal to submit to chemical testing is an ungraded misdemeanor, not a misdemeanor of the first degree. The Commonwealth has consistently argued this interpretation improperly negates Section 3803(b)(4). Nevertheless, at the time of Zimmerman's sentencing, the *Musau* interpretation of Section 3803 was binding upon the trial court.

An *en banc* panel of our Court addressed this identical issue in *Commonwealth v. Grow*, ___ A.3d ___ (Pa. Super. 2015) (*en banc*) (9/4/2015), 2015 PA Super 186, 2015 WL 5174245. *Grow* affirmed the *Musau* interpretation of Section 3803. Accordingly, the *Musau* interpretation has been confirmed.

In attempting to distinguish this matter from *Musau*, the Commonwealth argues that the legislature has amended Section 3803 to remove the contested phrase, "Notwithstanding the provisions of section (b)," replacing it with "Except as provided in section (b)." The Commonwealth claims this amendment, which was specifically in response to the *Musau* decision, indicates the legislature never meant for the six-month maximum sentence to apply in a second offense refusal case.

_____

*(Footnote Continued)*

75 Pa.C.S. § 3803(a), (b)(4).

However, this argument is unavailing.  Zimmerman pled guilty and was sentenced on August 28, 2014.  Section 3803 was not amended until October 27, 2014.  The timing of the amendment relative to the guilty plea was also addressed in **Grow**.  The *en banc* panel noted:

> As Grow pled guilty and was sentenced prior to the effective date of the amendment to the statute, however, the amended version does not apply to this matter.  **See Commonwealth v. Bowen**, 55 A.3d 1254, 1270 n.8 (Pa. Super. 2012) (interpreting prior statute after law amended since prior version applied to time period during which defendant was convicted and sentenced).

**Commonwealth v. Grow**, **supra**, at n.3.  Accordingly, the trial court could not apply an amendment that did not exist, and we are required to apply the law that was applicable at the time of sentencing.

In light of the above, the trial court properly interpreted and applied the law as written at the time of Zimmerman's sentencing and based on our Court's *en banc* decision in **Grow**, **supra**, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015

- 4 -