J-S78014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EDWARD STRICKLER STOVER, III | |
| Appellee | No. 1167 MDA 2014 |

Appeal from the Judgment of Sentence July 7, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001257-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 30, 2015**

Appellant, the Commonwealth of Pennsylvania, timely appeals from the judgment of sentence entered in the York County Court of Common Pleas, immediately following the guilty plea of Appellee, Edward Strickler Stover, III, on July 7, 2014, to driving under the influence (DUI), second offense, with refusal to submit to chemical testing of blood alcohol content (BAC).[1]  The Commonwealth argues the maximum sentence available under the former statute is five years' incarceration, citing ***Commonwealth v. Barr***, 79 A.3d 668 (Pa.Super. 2013).  The Commonwealth contends the trial

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3803(b)(4).  Under Section 3803(b)(4), the offense is graded as a first-degree misdemeanor, effective July 9, 2012.  The statute was subsequently amended and made immediately effective on October 27, 2014, after Appellee's sentencing.

court erred when it concluded the maximum allowable sentence for Appellee's second DUI offense was six months' incarceration, pursuant to *Commonwealth v. Musau*, 69 A.3d 754 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 117 A.3d 296 (2015).

To resolve this exact question, our Court *en banc* recently decided *Commonwealth v. Grow*, ___ A.3d ___, 2015 PA Super 186 (filed September 4, 2015), holding that: (1) our Supreme Court has defined the legislative use of the word "notwithstanding" as "regardless of," which is synonymous with the ordinary meaning of the word as "in spite of" or "although"; (2) the plain language of the statute makes the provisions of former Section 3803(b)(4) subordinate to the provisions of former Section 3803(a)(1); (3) the use of the section titles "Basic offenses" and "Other offenses" for former Sections 3803(a) and (b), respectively, does not create a clean break between the sections such that "notwithstanding" applies to "basic offenses" only; (4) former Section 3803 in its entirety is a specific provision that trumps the general sentencing provisions governing first-degree misdemeanors; (5) the sentencing and grading of an offense can follow separate schemes without leading to an absurd result because the grading of the offense affects more than just the length of sentence; (6) any conflict between former Sections 3803(b)(4) and (a)(2) (relating to defendants with two or more prior DUI convictions), is immaterial to the issue before the Court; (7) the *Barr* case involved a jury instruction, and the

statement about increased penalties was made in passing, was not critical to the holding of the decision, and was deemed dictum; (8) the legislative and administrative interpretations of former Section 3803 are irrelevant because the wording of the statute is unambiguous; (9) even if the language of former Section 3803 resulted in ambiguity, the defendant would be entitled to the benefit of the doubt under the maxim that penal provisions should be strictly construed in favor of the accused; (10) regardless of the grading of the offense as a first-degree misdemeanor, the maximum sentence under former Section 3803 for a second DUI conviction, with refusal to submit to chemical testing, is six months' imprisonment. After rejecting all of the Commonwealth's arguments, this Court held that the trial court properly followed **Musau** and sentenced Grow to a maximum sentence of six months' incarceration. **See id.**

Instantly, **Grow** controls the Commonwealth's challenge to the trial court's interpretation of former Section 3803. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015