J-A10010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| TIMOTHY TODD MARKLE | |
| Appellee | No. 1583 MDA 2014 |

Appeal from the Judgment of Sentence August 22, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007904-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED SEPTEMBER 30, 2015**

Appellant, the Commonwealth of Pennsylvania, timely appeals from the judgment of sentence entered in the York County Court of Common Pleas, following the guilty plea of Appellee, Timothy Todd Markle, on July 17, 2014, to driving under the influence (DUI), second offense, with refusal to submit to chemical testing of blood alcohol content.[1]  The court sentenced Appellee on August 22, 2014, to six (6) months' intermediate punishment.[2]

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3803(b)(4).  Under Section 3803(b)(4), the offense is graded as a first-degree misdemeanor, effective July 9, 2012.  The statute was subsequently amended and made effective on October 27, 2014, after Appellee's sentencing.

[2] Appellant's sentence also included a consecutive twelve (12) month term of probation for his *nolo contendere* plea to terroristic threats, which is not relevant to this appeal.

The Commonwealth argues the maximum sentence available under the former statute is five years' incarceration, citing **Commonwealth v. Barr**, 79 A.3d 668 (Pa.Super. 2013). The Commonwealth contends the trial court erred when it concluded the maximum allowable sentence for Appellee's second DUI offense was six months' incarceration, pursuant to **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 117 A.3d 296 (2015).

To resolve this exact question, our Court *en banc* recently decided **Commonwealth v. Grow**, ___ A.3d ___, 2015 PA Super 186 (filed September 4, 2015), holding that: (1) our Supreme Court has defined the legislative use of the word "notwithstanding" as "regardless of," which is synonymous with the ordinary meaning of the word as "in spite of" or "although"; (2) the plain language of the statute makes the provisions of former Section 3803(b)(4) subordinate to the provisions of former Section 3803(a)(1); (3) the use of the section titles "Basic offenses" and "Other offenses" for former Sections 3803(a) and (b), respectively, does not create a clean break between the sections such that "notwithstanding" applies to "basic offenses" only; (4) former Section 3803 in its entirety is a specific provision that trumps the general sentencing provisions governing first-degree misdemeanors; (5) the sentencing and grading of an offense can follow separate schemes without leading to an absurd result because the grading of the offense affects more than just the length of sentence; (6) any

conflict between former Sections 3803(b)(4) and (a)(2) (relating to defendants with two or more prior DUI convictions) is immaterial to the issue before the Court; (7) the *Barr* case involved a jury instruction, and the statement about increased penalties was made in passing, was not critical to the holding of the decision, and was deemed dictum; (8) the legislative and administrative interpretations of former Section 3803 are irrelevant because the wording of the statute is unambiguous; (9) even if the language of former Section 3803 resulted in ambiguity, the defendant would be entitled to the benefit of the doubt under the maxim that penal provisions should be strictly construed in favor of the accused; (10) regardless of the grading of the offense as a first-degree misdemeanor, the maximum sentence under former Section 3803 for a second DUI conviction, with refusal to submit to chemical testing, is six months' imprisonment. After rejecting all of the Commonwealth's arguments, this Court held that the trial court properly followed *Musau* and sentenced Grow to a maximum sentence of six months' incarceration. *See id.*

Instantly, *Grow* controls the Commonwealth's current challenge. *Grow* explicitly states that Section 3803(b)(4) is subordinate to Section 3803(a)(1) under the plain language of the former version of the statute, which disposes of the Commonwealth's arguments premised on "legislative intent." Moreover, the legislature's recent amendment of Section 3803 does not govern the pre-amendment interpretation of the statute. Appellee was

sentenced before the amendment took effect, so the prior version of the statute applies to the instant case. **See id.** Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015