J-A11044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ANDREW HICKS, III | : | |
| | : | |
| Appellant | : | No. 1656 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 11, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001598-2015

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 03, 2020**

Appellant Charles Andrew Hicks, III, appeals from the Judgment of Sentence entered in the Court of Common Pleas of Franklin County on October 11, 2018, imposed following revocation of his intermediate punishment. Following our review, we affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> [Appellant] entered into an agreement whereby he pled guilty to DUI Refusal - 2nd Offense Tier 3. On September 16, 2015, [Appellant] was sentenced to intermediate punishment for a period of 60 months with 30 days to be served in the Franklin County Jail Weekender Program, 120 days of electronic monitoring and alcohol monitoring followed by two months of alcohol monitoring. A petition was filed alleging that he had violated his agreement in the following ways:

---

[*] Former Justice specially assigned to the Superior Court.

> 1) Testing positive for marijuana and providing an adulterated urine sample;
> 2) Testing positive for cocaine and being untruthful about using cocaine;
> 3) Violating home arrest schedule;
> 4) Failing to complete his community service hours;
> 5) Failing to enroll in Drug and Alcohol Treatment; and
> 6) Failing to pay his $19,290.32 in restitution, fines and costs.

> On August 1, 2018, [Appellant] was resentenced after being found in violation of intermediate punishment. The sentence imposed was 30 to 60 months of imprisonment in a State Correctional Institution with credit for time previously served. On August 13, 2018, the Defendant filed a Post-Sentence Motion Pursuant to Pa.R.Crim.P 720(B) ("Post Sentence Motion") and was represented by Attorney Cayla E. Amsley-Mummert. A hearing was held on September 25, 2018. This Court denied the Post Sentence Motion on October 16, 2018. A notice of appeal to the Superior Court was not filed by counsel. [Appellant] filed a *pro se* Post Conviction Relief Act (PCRA) Petition on April 18, 2019. This Court appointed Erich E. Hawbaker as counsel for [Appellant] for the purposes of the PCRA Petition. An Amended PCRA Petition was filed on June 24, 2019. The Commonwealth filed an Answer to the Amended PCRA. Petition on July 18, 2019. A hearing was held on August 22, 2019.

> This Court found [Appellant's] claim of ineffectiveness of counsel had merit, that there was no justifiable rationale for counsel's failure to file a notice of appeal to the Superior Court, and that the failure to file a direct appeal was prejudice *per se*. By Order of Court on September 5, 2019, this [c]ourt granted [Appellant's] PCRA ineffectiveness of counsel claim and reinstated [Appellant's] right to appeal to the Superior Court *nunc pro tunc*. [Appellant] filed a Notice of Appeal on October 4, 2019 and filed a Concise Statement of Matters Complained of on Appeal ("Concise Statement") on October 24, 2019.

Trial Court's "Opinion *sur* PA.R.A.P. 1925(a) and Order of Court," filed

10/29/19, at 1-3.

When addressing the claims Appellant presented on appeal in its

October 29, 2019, Opinion, the trial court referenced the analysis it had

previously set forth in its October 16, 2018, Opinion, written in support of its denial of Appellant's post-sentence motion. *Id*. at 4. In his appellate brief, Appellant presents two questions for our review:

> A. Did the Sentencing Court err by imposing an illegal sentence of greater than six (6) months of incarceration on August 1, 2018?
>
> B. Did the Sentencing Court err by sentencing [Appellant] to enhanced criminal penalties for refusal to submit to an unconstitutional warrantless blood test incident to arrest for drunk driving?

Brief of Appellant at 6.[1]

Initially, we note that an intermediate punishment sentence is analogous to a sentence of probation. This Court reviews a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. Accordingly, we apply that same standard in reviewing revocation of Appellant's intermediate punishment sentence. *Commonwealth v. Flowers*, 149 A.3d 867, 872–73 (Pa.Super. 2016). "[I]n an appeal from a sentence imposed after a trial court's revocation of probation, this Court can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the

---

[1] On March 24, 2020, the Commonwealth filed a letter dated March 19, 2020, with this Court wherein it indicated an appellate brief would not be forthcoming, as it was "in agreement with the trial Court's Opinion that the issues raised by Appellant are without merit."

sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).

Herein, Appellant does not challenge the trial court's finding on August 1, 2018, that he committed multiple violations of the intermediate punishment sentence he had received following his guilty plea in 2015. Rather, Appellant first argues that "an individual who violates 75 Pa.C.S. § 3802(a) and has no more than one prior offense may only be sentenced to a term of imprisonment of no more than six months, even if the offense is graded as a first degree misdemeanor." Brief of Appellant at 14. In reaching this conclusion, Appellant relies upon this Court's holdings in ***Commonwealth v. Musau*** 69 A.3d 754 (Pa.Super. 2013), *superseded by statute*, and ***Commonwealth v. Grow*** 122 A.3d 425 (Pa.Super. 2015), *superseded by statute*, which he admits were decided using the now-obsolete phrase "'Notwithstanding the provisions of subsection (b) in 75 Pa.C.S.A. § 3803(a)' and replaced [] with the phrase, 'Except as provided in subsection (b).'" Brief of Appellant at 12. Nevertheless, Appellant reasons that "grading the offense as a misdemeanor of the first degree has effects beyond the length of sentence that may be imposed. . . Thus, an individual who violates 75 Pa.C.S.A. § 3802(a) and has no more than one prior offense may only be sentenced to a term of imprisonment of no more than six months, even if the offense is graded as a first degree misdemeanor." ***Id***. at 13.

In rejecting this argument, the trial court reasoned as follows:

[Appellant] avers the language of Section 3803(a) takes precedence over Section 3803(b)(4). According to [Appellant], the language in Section 3803(a) stating that an individual that violates Section 3802(a) and has no more than one prior offense "may be sentenced to a term of imprisonment of not more than six months," 75 Pa.C.S.A. § 3803(a)(1), supersedes the more specific language in Section 3803 (b)(4). Section 3803 (b)(4) contains language indicating that an individual who violates Section 3802 where the individual refused blood or breath testing and who also has one or more prior offenses commits a misdemeanor of the first degree. 75 Pa.C.S.A. § 3803 (b)(4).

[Appellant's] reading of the statute is mirrored by the *Musau* decision of 2013. *Musau*, 69 A3d at 758. The central problem with this reasoning is that the statutory language relied upon in the *Musau* decision has since been amended. The General Assembly amended 75 Pa.C.S.A. Section 3803(a) to eliminate the phrase "Notwithstanding the provisions of subsection (b)" and substituted the phrase "Except as provided in subsection (b)," which gave subsection (b) precedence over the provisions of subsection (a) of Section 3803.[1] The language relied upon by the *Musau* Court for its holding has been significantly altered, so its holding regarding the maximum permissible sentence and can only he applied to cases prior to the General Assembly's alteration of the language in 2014. *See Commonwealth v. Grow*, 122 A.3d 425, 427-28 (Pa.Super, 2015). In the instant case, this [c]ourt finds that since [Appellant] committed the crime and was sentenced after the General Assembly's modification of the language in 2014, it is Section 3802(b)(4) that controls. The language in paragraph (b)(4) more specifically aligns with the facts of the instant case: "he who violates Section 3802(a)(1) where the individual refused testing of blood or breath...and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S.A. § 3803 (b)(4).

## II. Whether Musau Controls With Reaard to the Six –Month Incarceration Limitation

[Appellant] argues that even if Section 3802(b)(4) controls and the crime to which [Appellant] pled guilty is accurately graded as a first degree misdemeanor, the *Musau* holding continues to mandate a sentence of no more than six months['] incarceration for a second DUI offense. [Appellant] cites no case law in support

of this argument decided since the amendment of the applicable grading statute in 2014. This [c]ourt finds this argument without merit since the General Assembly amended Section 3803 to give precedence to paragraph (b) over paragraph (a) when one of five (5) scenarios is more specifically applicable.[2]

This [c]ourt finds that the legislature removed the ambiguity in precedence between paragraphs (a) and (b) in order to more specifically indicate instances where certain conduct is deemed more serious, and therefore warrants more serious punishment. *Commonwealth v. Wilson*, 111 A.3d 747, 753 (Pa. Super. 2015) (articulating why paragraph (b)(5) takes precedence over paragraph (b)(1) "the legislature made a policy decision to impose more severe sanctions on those who endanger children by operating a vehicle while impaired. Accordingly, the trial court did not err in sentencing Appellant to 12 months of probation plus 4 days at a DUI alternative program. The sentence did not exceed the statutory maximum of 5 years for a first degree misdemeanor pursuant to Section 3803(b)(5).").[3] The Superior Court did not find that *Musau's* limitation of six months imprisonment controlled in a scenario covered by Section 3803(b)(5), so the logical conclusion is that *Musau* does not control in the instant case where the language of Section 3803(b)(4) is applicable. Additionally, the specific issue on appeal in *Wilson* was whether a sentence is illegal "when a person receives a sentence exceeding the statutory maximum of six months on a first time DUI conviction under 75 Pa.C.S.A. § 3803(b), even though the offense is graded as a first degree misdemeanor." The logical conclusion is that the Superior Court in *Wilson* did not find an exception to the normal length of sentence permissible for a first degree misdemeanor, even after contemplating the *Muscau* decision, the subsequent amendment to Section 3803, and the shorter sentences mandated by a first or second DUI offense in the statute itself where less specific and less grievous offenses are articulated.

---

[1]Act of October 27, 2014, P.L 2905, No 189.

[2] The General Assembly amended 75 Pa.C.S.A. Section 3803(a) to eliminate the phrase "Notwithstanding the provisions of subsection (b)" and substituted the phrase "Except as provided in subsection (b)," which gave subsection (b) precedence over the provisions of subsection (a) of Section 3803.

[3] In *Commomveallh v. Wilson*, the Pennsylvania Superior Court found the language in 75 Pa.C.S.A. § 3803(b)(5) where an individual "violates Section 3802 where a minor under 18 years of

age was an occupant in the vehicle when the violation occurred commits a misdemeanor of the first degree" sufficient to justify the ordinary maximum punishment for misdemeanor of the first degree, which is five (5) years imprisonment. The Superior Court's *Wilson* decision was filed on February 18, 2015, which is after the 2014 amendments to Section 3803 which clarified the precedence between paragraphs (a) and (b). *Wilson*. 111 A.3d at 750. § 3803(b)(4) language is identical to § 3803(b)(5) with regard to the grading designation: "commits a misdemeanor of the first degree." 75 Pa.C.S.A. § 3803.

Trial Court Opinion, filed 10/17/18, at 4-7.

We find no error in the trial court's reasoning. Thus, for the reasons the trial court set forth, we do not find that Appellant's re-sentence of more than six months was illegal.

Appellant next posits the resentencing that occurred on August 1, 2018, was unconstitutional in light of the United States Supreme Court's decision entered on June 23, 2016, in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016) which held that states could not criminally punish a defendant's refusal to submit to warrantless blood test for blood alcohol content. Appellant avers "his judgment of sentence was not final in 2015," and that his "judgment of sentence is still not yet final, and he is entitled to relief as the sentence imposed on August 1, 2018, has been rendered illegal by Birchfield." Brief of Appellant at 11, 15. Appellant reasons this is so because on September 5, 2019, his appeal rights had been reinstated *nunc pro tunc*, following the trial court's finding merit to Appellant's ineffective assistance of counsel claims raised in his timely-filed PCRA petition *Id*. at 15.

The trial court disagreed with Appellant's analysis and found **_Birchfield_** inapplicable in light of the fact that Appellant had reached a plea agreement and was originally sentenced on September 16, 2015. The trial court explained:

> In the instant case, the original length of the sentence in September 2015 was 60 months. This [c]ourt was within its discretion to administer this sentence based upon the misdemeanor of the first degree charge for which [Appellant] pled guilty. 101 Pa. Code § 15.66(b)(6). This [c]ourt permitted [Appellant] to enter the Restrictive Intermediate Punishment program and to spend minimal time incarcerated while he participated in alcohol monitoring. [Appellant] violated this agreement and was resentenced to 30 to 60 months['] incarceration just as this [c]ourt was authorized to do at the time of the original sentencing according to 42 Pa.C.S. Section 9773. The [c]ourt finds that this resentencing was the imposition of the old sentence given on September 16, 2015 and that it was not subject to the holding of _Birchfeld_ because the holding is not retroactive in Pennsylvania for cases on collateral review and this [c]ourt is within its discretion to resentence a violator of intermediate punishment to any sentence that would have been available at the time of the original sentence.
>
> ***
>
> The [c]ourt finds that _Birchfield_ is not retroactive for cases on collateral appeal, so the holding in the case is not applicable to [Appellant's] sentence in the instant case. A resentence is not a new sentence. At [Appellant's] resentencing on August 1, 2018, this [c]ourt had the discretion to sentence [Appellant] to any sentence authorized by statute for a misdemeanor of the first degree because this [c]ourt had the discretion to do the same on September 16, 2015 when [Appellant] was sentenced for the first time in the instant case.

Trial Court Opinion, filed 10/17/18, at 9, 10. We agree.

Following his September 16, 2015, plea, Appellant did not file a direct appeal. Therefore, his judgment of sentence became final on or about October

16, 2015. Pa. R.A.P. 903(a) (stating a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Nearly three years later, Appellant was re-sentenced on August 1, 2018, after the trial court found him to be in violation of his intermediate punishment sentence, a finding which he does not challenge herein, and revoked his probation. As a result, the trial court clearly had the authority to resentence Appellant.

"Upon revocation the sentencing alternatives available to the court shall be the same **as were available at the time of initial sentencing**, due consideration being given to time spent serving the order of probation." 42 Pa.C.S.A. 9771(b) (emphasis added). In addition, as previously stated, in an appeal from a sentence imposed after a trial court's revocation of probation, this Court can review legality of the sentence **imposed following revocation**. *Wright*, supra at 136 (emphasis added).

Appellant's assertion to the contrary, the issue herein is not whether the trial court imposed enhanced criminal penalties upon him for his refusal to submit to chemical testing, but rather whether the trial court legally sentenced Appellant following its finding he had committed multiple violations while he was involved in the restrictive intermediate punishment program. The latter sentence was not a continuation of the first, for had Appellant not violated the terms of his September 16, 2015, sentence from which he did not file an appeal, that sentence would still stand. The judgment of sentence

entered on August 1, 2018, constituted a new sentence in light of new charges, and at that time the trial court had available to it the sentencing alternatives that had been available at the time of the initial sentence. *See* 42 Pa.C.S.A. 9771(b). Appellant's ability to file an appeal *nunc pro tunc* pertained to his right to appeal the re-sentence entered on August 1, 2018.

Moreover, even were we to accept Appellant's view that his timely PCRA petition entitles him to a review of his illegality claim based on ***Birchfield***, as a matter of first impression, the Pennsylvania Supreme Court recently held that ***Birchfield*** did not constitute a new rule of law that applied retroactively on post-conviction review. ***Commonwealth v. Olson***, 218 A.3d 863 (Pa. 2019). In doing so, the Court reasoned that "[b]ecause ***Birchfield*** did not set forth a 'categorical constitutional guarantee' that places criminal punishment for blood test refusal 'altogether beyond the State's power to impose,' **id.** at 729, but, rather, established a procedural requirement that, once satisfied, authorizes that punishment, the ***Birchfield*** rule is not substantive. Accordingly, ***Birchfield*** does not apply retroactively on post-conviction collateral review." ***Id***. at 875. Therefore, in light of all of the foregoing, Appellant is not entitled to relief.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/03/2020</u>